# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim Nos.: 2011A05879/2011A05887/2011A05892 |
| | § | |
| vs. | § | |
| | § | |
| Dawn E. Misner | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 161 Holly Hock Lane, Ortonville, Michigan 48462.

### The Debt

First Cause of Action - Claim Number: 2011A05879

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $4,084.42 |
| B. Current Capitalized Interest Balance and Accrued Interest | $6,336.75 |
| C. Administrative Fee, Costs, Penalties | $0.00 |

| | |
|---|---|
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2011A05879** | **$10,421.17** |

<u>Second Cause of Action - Claim Number: 2011A05887</u>

4. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $604.00 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,439.29 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2011A05887** | **$2,043.29** |

<u>Third Cause of Action - Claim Number: 2011A05892</u>

5. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $392.00 |
| B. Current Capitalized Interest Balance and Accrued Interest | $394.36 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2011A05892** | **$786.36** |

**TOTAL OWED (Claim Numbers 2011A05879/2011A05887/2011A05892) $13,250.82**

The Certificates of Indebtedness, attached as Exhibits "A", "B", and "C", show the total

owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum or $0.89 per day on Claim Number 2011A05879, 8.000% per annum or $0.13 per day on Claim Number 2011A05887, and 5.000% per annum or $0.05 per day on Claim Number 2011A05892.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraphs 3, 4, and 5 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 3**

Dawn E. Misner
aka: Dawn Misner
161 Holly Hock Lane
Ortonville, MI. 48462-9404
Account No:

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/21/10.

On or about 01/21/87 and 10/02/87, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 and $2,625.00 from TCF Banking and Savings, F. A., Minneapolis, MN. This loan was disbursed for $2,500.00 and $1,313.00 on 04/14/87 and 04/13/88 at 8.00 percent interest per annum. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 02/10/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,084.42 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b) (4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/03/93, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 4,084.42 |
| Interest: | $ 6,146.97 |
| Total debt as of 09/21/10: | $10,231.39 |

Interest accrues on the principal shown here at the rate of $0.89 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/28/10

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

PLEASE PRINT CLEARLY IN INK

BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE.

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

| | |
|---|---|
| Your Name | DAWN E. MISNER |
| Your SSN | |
| Your Address | 20304 BARLOW |
| Your City/State/ZIP | DETROIT, MI. 48205 |

## A. IMPORTANT – READ THIS INFORMATION CAREFULLY

**The terms "I" and "me" refer to the borrower.**

I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.

When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.

After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:

a) the total dollar amount of my loan
b) the interest rate I will pay
c) the dollar amount of the origination fee I will pay
d) the dollar amount of the guarantee fee I will pay
e) my disbursement schedule (when I will get my loan checks)
f) how long my grace period will be

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.

I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

I, Dawn Misner (Print Your Name as Borrower) promise to pay to the order of TCF Banking and Savings, F.A. Minneapolis, MN 55402

of the following amounts:

The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED: $ 2,500

Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%.

I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.

The guarantee fee (which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months). The fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which will, at the lender's option, be applied to my loan balance or be returned to me.

The Origination Fee, which will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

## C. GENERAL

[...]derstand that the lender has applied for guarantee coverage of this loan through the Higher [...]cation Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of [...] Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher [...]cation Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the [...]s and Regulations of HEAF. To the extent not governed by federal law, this Note shall be gov[...]d by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT

I repay this loan in periodic installments during a repayment period that will begin no later than end of my grace period. However, during the grace period I may request that the repayment [...]d begin earlier. The grace period begins when I cease to carry at least one-half the normal [...]demic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-; 10-, and 15-year periods mentioned above.

If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.

I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I h[...] provided to the lender.

My obligation to repay this loan shall be cancelled if I become totally and permanently disa[...] or die.

[...]articular terms and conditions of repayment that apply to this loan will be set forth in a sep[...] [...]ment, known as a repayment schedule, that the lender will provide to me before the repay[...] [...]d begins.

## E. PREPAYMENT

[...] option and without penalty, I may prepay at any time all or any part of the unpaid prir[...] [...]ce of this Note. In the event of prepayment, I may be entitled to a refund of unearned int[...]

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from Deferment (Section F) and that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the loan.

## H. DEFAULT & ACCELERATION

If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:

1) Failing to make any payment when due.
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

If I default, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

## I. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or HEAF may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organizations.

## J. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

**NOTICE TO BORROWER**
**(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.**
**(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.**
**(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.**
**(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.**

Dawn Misner — Sign Your Name | 1-21-87 — Today's Date

Your Endorser's Signature (if any) | Today's Date

MISNER, DAWN, E
CLAIM NO 1993050628433 12-03-93
SSN
ID 1

[...]orser within the [...]es demand, pre[...] [...]d acknowledges



I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

9-21-10

NAME DATE

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE X [signature] | DATE AUG 30 1991 |
|---|---|
| TITLE HSCA Claims Supervisor | |

F0025 10-87

AYMENT

payments that I am required to make under Section ferred after the repayment period begins, because cedural requirements set forth in the regulations

P (however, only citizens or nationals may attend

ational school that is operated by an agency of the

f Education; or

pproved by the Secretary of Education.

ile I am —

rving as an officer in the Commissioned Corps of

olunteer Service Act of 1973 (ACTION programs)

rom Federal income taxation under Section 501 ng service which is comparable to service per-

f a qualified physician, or unable to secure em- e who is temporarily totally disabled, as estab-

physician.

3. For a period not exceeding 2 years while I am serving in an internship that is required for me to gain professional recognition required to begin professional practice or service.

4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period of time in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the loan.

REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note.)

Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

S. McRitchie 9-21-10

NAME DATE

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

LENDER COPY

# GUARANTEED STUDENT LOAN (GSL) APPLICATION/ PROMISSORY NOTE

SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK - PRESS FIRMLY - OR TYPE)

1. NAME (NO NICKNAMES) LAST MISNER FIRST DAWN M.I. E
2. SOCIAL SECURITY NUMBER
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS 14291 HENDRICKS
5. PERMANENT HOME PHONE ( ) NONE

CITY WARREN STATE MI. ZIP 48089

6. U.S. CITIZENSHIP STATUS (CHECK ONE) [X] U.S. CITIZEN OR NATIONAL [ ] PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN
ALIEN ID NUMBER IF APPLICABLE
7. PERMANENT RESIDENT OF WHICH STATE
8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9)
8b. STATE IN WHICH ISSUED MI.
9. ADDRESS WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) SAME AS ABOVE
10. PHONE AT SCHOOL ADDRESS (313) 779-5530
11. MAJOR COURSE OF STUDY; SEE INSTRUCTIONS IN APP. BOOKLET
12. LOAN AMOUNT REQUESTED $ 2625 .00
13. LOAN PERIOD FROM MO 10 YR 87 TO MO 6 YR 88

PRIOR LOAN INFORMATION

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [ ] YES (GIVE DETAILS ON SEPARATE SHEET) [X] NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [X] YES (GO TO 15b) [X] NO (GO TO 20a)
15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS $ ~~N/A~~ $2,500
16. UNPAID PRINCIPAL BALANCE OF MOST RECENT GSL $ 2500
17. GRADE LEVEL OF MOST RECENT GSL, SEE INSTRUCTIONS IN APP. BOOKLET 1
18. LOAN PERIOD START DATE OF MOST RECENT GSL MO 1 DAY 19 YR 87
19. INTEREST RATE OF MOST RECENT GSL [ ] 7% [X] 8% [ ] 9%
20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? [ ] YES (GO TO 20b) [X] NO (GO TO 21a)
20b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PRIOR SLS (ALAS) LOANS RECEIVED DURING ▶ UNDERGRADUATE STUDY $ GRADUATE STUDY $
21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? [ ] YES (GO TO 21b) [X] NO (GO TO 22a)
21b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PLUS LOANS $

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| | 22a. PARENT/GUARDIAN | 22b. RELATIVE/FRIEND | 22c. RELATIVE/FRIEND |
|---|---|---|---|
| NAME | IRIS ZECH | FRANK GRUENAWALD | BARBRA BEYER |
| STREET | 20919 BENJAMIN | 19596 GOULBURN | 25913 HARMON |
| CITY, STATE, ZIP | S.C.S. MI. 48081 | Detroit, 48205 | S.C.S. 48081 |
| PHONE | | | |

NOTICE TO BORROWER: You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

23a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE) X Dawn Misner
23b. DATE BORROWER SIGNED MO 10 DAY 2 YR 87

SECTION B - TO BE COMPLETED BY SCHOOL

24. NAME OF SCHOOL NEC/NTT
26. PHONE (313) 779-5530
27. SCHOOL CODE 009828
25. ADDRESS (STREET, CITY, STATE, ZIP) 15115 Deerfield EAST Detroit, MI 48021
28.
29.
30. PERIOD LOAN WILL COVER FROM MO 1 DAY 19 YR 88 TO MO 9 DAY 30 YR 88
31. STUDENT'S GRADE LEVEL (CHECK ONE) CORRESP. [0] UNDERGRAD. [1] [X 2] [3] [4] [5] GRAD. [6] [7] [8] [9] [10]
32. ANTICIPATED GRADUATION DATE MO 1 DAY 13 YR 89
33. STUDENT STATUS (CHECK ONE) [ ] DEPENDENT [X] INDEPENDENT
34. ADJUSTED GROSS INCOME (AGI) $ —0—
35. COST OF ATTENDANCE FOR LOAN PERIOD $ 10070.00
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ 1400
37. EXPECTED FAMILY CONTRIBUTION (EFC) $ 3900
38. DIFFERENCE (ITEM 35 LESS ITEMS 36 AND 37) OR LEGAL MAXIMUM $ 6770.00
39. SUGGESTED DISBURSEMENT DATES 1ST DISB. MO 01 DAY 19 YR 88 2ND DISB. MO DAY YR 3RD DISB. MO DAY YR
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES [X] NO [ ]
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES [ ] NO [X]
42. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.
43a. SIGNATURE OF SCHOOL OFFICIAL Phyllis Johnson
43b. DATE MO 02 DAY 8 YR 88
43c. PRINT NAME AND TITLE Phyllis Johnson Fin Adm

SECTION C - TO BE COMPLETED BY LENDER

44. NAME OF LENDER TCF
46. LENDER CODE 821728
45. ADDRESS (STREET, BUILDING, CITY, STATE, ZIP)
47. BRANCH CODE
50. LOAN DISBURSEMENTS MO DAY YR $ AMOUNT / MO DAY YR $ AMOUNT / MO DAY YR $ AMOUNT
52. IS THIS AN UNSUBSIDIZED LOAN? YES [ ] NO [ ]
53. LENDER ACCOUNT NUMBER
54. LENDER USE ONLY
48.
49.
51. TOTAL LOAN AMOUNT APPROVED $ .00

SECTION D - TO BE COMPLETED BY HEAF

H.E.A.F.

55a. SIGNATURE OF LENDING OFFICIAL X
PRINT NAME AND TITLE
55b. DATE SIGNED MO DAY YR
56. HEAF USE ONLY FEB 17 1988
57. PROMISSORY NOTE STATUS

F40-60 4-87
GSL-304

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

9-21-10

NAME DATE

## GSL PROMISSORY NOTE

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE X [signature: Michael Toussaint] | |
|---|---|
| TITLE HSCA Claims Supervisor | DATE AUG 3 0 1991 |

F0025 10-87

at a school that is participating ...

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under Deferment in this Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with the Rules and Regulations of HEAF governing the GSLP.
4) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest), whichever is less.
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.
5) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment ...s Note, I may request the lender to modify these terms. I understand that such modifi... would be at the lender's option and would have to be in compliance with the Act, ...al regulations adopted under the Act and the Rules and Regulations of HEAF. I under... that a modification of repayment terms under this Section is different from Deferment ...escribed in this Note) and that during this period I will remain responsible for payment ...erest, which the lender may (a) collect from me on a periodic basis or (b) add to the ...ipal balance of this loan.

## ...DEFAULT

...efinition—I understand that under the Act, and HEAF Rules and Regulations, any of the ...wing events is a default:
...iling to make any installment payment when due, provided that this failure persists for ... days for a loan repayable in monthly installments or 240 days for a loan repayable in ...frequent installments;
...aking any false representation for the purpose of obtaining this loan;
...sing the loan proceeds for other than educational purposes;
...iling to enroll in the school that completed the application for the time identified as my ... period;
...ot notifying the lender immediately if I (a) drop to less than a half-time student, (b) change ...graduation date, (c) change my name, or (d) change my permanent address.
...onsequences of default—If I default on this loan:
...he lender may declare the entire unpaid amount of the loan, including interest, immedi...ly due and payable;
...he lender, holder, or guaranty agency may disclose to schools I have attended (or am ...rently attending) information about the default;
...will be ineligible to receive assistance from any of the following federal programs: Pell ...nt, Supplemental Educational Opportunity Grant, College Work-Study, State Student ...entive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed ...dent Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation ...ans;
...will be ineligible for the benefits described under Repayment and Deferment in this Note;
...will also pay all charges and other costs, including attorney's fees, that are permitted by ...leral law and regulations for the collection of these amounts. If this loan is referred for ...lection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay ...lection costs not to exceed 25 percent of the unpaid principal and accrued interest. De...ring these amounts immediately due and payable is at the option of the lender, which it ...y do only after complying with applicable notice and other requirements of law. Failure to ...ercise this option does not constitute a waiver of the lender's right to exercise the option ...a later date;
...he lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts ...ed.

## ...LATE CHARGES

...ermitted by law, the lender may collect from me a late charge if I fail to pay all or part of a ...uired installment payment within 10 days after it is due or if I fail to provide written evi...nce that verifies my eligibility to have the payment deferred as described under Deferment ...this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

## ... CREDIT BUREAU NOTIFICATION

...ormation concerning the amount of this loan and its repayment will be reported to one or ...ore credit bureau organizations. *If I default on this loan, the lender, holder or guaranty ...ency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.* The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. At my lender's option, I authorize the lender to make my loan check(s) jointly payable to me and my school. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend or HEAF to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or respond to inquiries from my parents, or prior or subsequent lenders or holders, with respect to my loan application and related documents. I also authorize the lender, subsequent holder, their agent or HEAF to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identi-



I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
9-21-10
NAME
DATE

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 OF 3**

Dawn E. Misner
aka: Dawn Misner
161 Holly Hock Lane
Ortonville, MI. 48462-9404
Account No:

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/21/10.

On or about 09/23/88, the borrower executed promissory note(s) to secure loan(s) of $1,207.04 from Union Bank Student Loan Center, Lincoln, NE. This loan was disbursed for $604.00 on 11/15/88 at 8.00 percent interest per annum. The loan obligation was guaranteed by Nebraska Student Loan Program, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/01/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $645.54 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b) (4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 01/11/98, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 604.00 |
| Interest: | $1,411.23 |
| Total debt as of 09/21/10: | $2,015.23 |

Interest accrues on the principal shown here at the rate of $0.13 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/28/10

[signature]
Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

883021712 0524 PD 9-18-91 WBN 0426

NSLP Nebraska Student Loan Program Application/Promissory Note — GSL

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.

## SECTION I—TO BE COMPLETED BY STUDENT BORROWER

Type or print clearly with a ballpoint pen. Read the instructions carefully.

1. Social Security Number:
2. Last Name: MISNER First: DAWN M.I.: E.
3. Birth Date (Mo./Day/Yr.):
4. Home Area Code/Telephone Number: (313) NO phone
5. Permanent Home Address Street: 14291 HENDRICKS City: WARREN State: MI. ZIP Code + 4: 48089
6. U.S. Citizenship Status
   - [X] (a) U.S. Citizen, National or related status
   - [ ] (b) Permanent Resident or Eligible Noncitizen (See instructions)
   - [ ] (c) Neither a nor b (See instructions)
   - Alien Registration #
7. Driver's License Number — State: MI
8. State of Legal Residence — State: MI Since: 1959
9. Have you ever defaulted on an educational loan? (See instructions) [ ] Yes [X] No. If yes, give details on a separate sheet of paper including what arrangements have been made, if any, to repay this debt.
10. Requested Loan Amount: $1207.04
11. Intended Enrollment: (See instructions)
   - [X] Full-time
   - [ ] At least half-time
   - [ ] Less than half-time

SIDED

12. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? [ ] Yes [X] No
13. What period do you want this loan to cover? From: (Mo./Yr.) 10-88 To: (Mo./Yr.) 3-89
14. While in School, You Intend To Live ("X" One) [ ] With Parents [ ] On Campus [X] Off Campus
    Address: 14291 HENDRICKS WARREN, MI. 48089 Phone: no phone
15. Major: 9 — Use Code on page 4 of Instructions.
16. Do you have any outstanding GSL, FISL, PLUS, SLS, ALAS debts? [X] Yes [ ] No. If yes, list below. (See instructions) If no, write none and go to 17. Attach a separate sheet if more space is needed.

| Name of Lender | City & State of Lender | Unpaid Balance | & Interest Rate | Loan Period Begin | Loan Period End | Loan Type GSL, FISL, PLUS etc. | Student Grade Level |
|---|---|---|---|---|---|---|---|
| TCF | MINNEAPOLIS, MN | $ 2500 | 8 % | 1/87 | 9/87 | GSL | 1 |
| TCF | MINNEAPOLIS, MN | $ 1313 | 8 % | 1/88 | 9/88 | GSL | 2 |
| | | $ | % | | | | |

17. (a) Endorser (if any), Parent or Guardian (Circle one) — Name: IRIS ZECH; Address: 20919 BENJAMIN; City, State, ZIP: St. Cl. Sh. MI.; Phone-H.; W. 48081
(b) Adult Relative, Friend or Separated Parent (Circle one) — Name: FRANK GROENEWALD; Address: 19596 GOULBURN; City, State, ZIP: DETROIT MI. 48205; Phone-H; W. ( )
(c) Other Adult Relative or Friend (Circle one) — Name: RICHARD BEYER; Address: 22716 GORDON SMITH; City, State, ZIP: St. Cl. Sh. MI.; Phone-H; W. 48081

### PROMISSORY NOTE FOR A NSLP GUARANTEED STUDENT LOAN

A. I (and any endorser) PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B a sum certain equal to the loan amount I have requested in Section I, item 10 of the application for a GSL Loan (above), which is hereby incorporated by reference into this Promissory Note to the extent that it is advanced to me, plus interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph ... All payments will be made to your address as indicated on my Disclosure Statement, or to any other address of which you notify me.
I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including guarantee and origination fees under the terms and conditions of this Promissory Note and Disclosure Statement. I further understand and agree that if the sum in the Disclosure Statement is less than the sum stated in this note that I am obligated to repay the sum stated in the Disclosure Statement.
I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION/PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREED TO THE BORROWER CERTIFICATION ON ITS REVERSE SIDE AND THE STATEMENT OF BORROWERS RIGHTS AND RESPONSIBILITIES ON PAGE 18. (PROMISSORY NOTE CONTINUES ON REVERSE SIDE.)

Dawn Misner 9-23-88
Signature of Borrower — Date — 18b. Signature of Endorser (if any) — Date

## SECTION II—TO BE COMPLETED BY SCHOOL

19. Name of School: National Education Center — National Institute of Technology Campus
20. For School Use
21. School Code: 025362 Branch I.D.
22. Address Street: 15115 Deerfield, East Detroit, MI 48021 City State ZIP Code + 4
23. Area Code/Telephone Number: (313) 779-5530
24A. Loan Period (Mo./Day/Yr.) From: 10-17-88 To: 3-31-89
24B. Loan Period Covers: [X] Quarters [ ] Semesters [ ] Clock Hours
25. Borrower Grade Level: Correspondence 0 [ ]; Undergraduate 1 [ ] 2 [ ] 3 [X] 4 [ ] 5 [ ]; Graduate/Professional 6 [ ] 7 [ ] 8 [ ] 9 [ ]
26. Dependency Status: [ ] Dependent [X] Independent
27. Anticipated Graduation Date (Mo./Day/Yr.): 7-7-89
28. Estimated Cost of Education for Loan Period: $ 6480
29. Estimated Financial Aid for Loan Period: $ 1466
30. Expected Family Contribution for Loan Period: $ 119
31. Difference (Item 28 minus Items 29 and 30): $ 4895
32. Amount School Approves: $ 1207.
33. My signature certifies that I have read and agreed to the School Certification on the reverse side.
Michelle Jacob — Signature of School Official; Print Name & Title: MICHELLE JACOB, F.A. ASSIST. Date: 11-2-88
34. Suggested Disbursement Dates (Mo./Day/Yr.)
1. 10 17 88
2. 1 17 89
3.

## SECTION III—TO BE COMPLETED BY LENDER

35. Name of Lender: Union Bank Student Loan Center
36. For Lender Use: 0426
37. Scheduled Disbursement Amounts and Dates (Mo./Day/Yr.)
1. $ 604 11 14 88
2. $ 603 1 17 89
3. $
Total $ 1207
38. Address: 1944 O Street City: Lincoln State: NE ZIP Code + 4: 68510
39. Area Code/Telephone Number: (402) 488-0941 #278
40. Signature of Authorized Lending Official: Cheryl Reynolds
41. Lender Code: 808543
42. Print or Type Name and Title: Cheryl Reynolds, Loan Processor
43. Date (Mo./Day/Yr.): NOV 10 1988
44. NSLP USE
45. List current borrower indebtedness at your institution (see instructions) GSL/FISL $ 0 PLUS/SLS/ALAS $ 0

BORROWER: TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE.

BORROWER: UPON COMPLETION SUBMIT LENDER, NSLP AND SCHOOL COPIES (AS A SET) TO THE SCHOOL. KEEP THE BOOKLET AND BORROWER COPY FOR YOUR RECORDS.

LENDER



I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
9-21-10
NAME
DATE

**Promissory Note (continued from Application/Promissory Note)**

B. **Date Note Becomes Due:** I will repay this loan in periodic installments during a repayment period that will begin no later than the day after the last day of my grace period. My grace period is that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grace period, however, I may request that my repayment period begin on an earlier date.

C. **Interest:** I agree to pay an amount equivalent to simple interest on the unpaid balance of my loan from the date it is advanced to me until it is paid in full. The Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSL Program. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself. Once the repayment period begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period of deferment described under DEFERMENT in the Borrower's Rights and Responsibilities. The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of the guarantor governing the GSL Program. All payments will be made to your address as set forth in Paragraph A.

D. **The Guarantee Fee:** If required to do so by the lender, I will pay to the lender an amount equal to the premium that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. The lender will deduct this premium proportionately from each disbursement of principal on this loan.

**The Origination Fee:** If required to do so by the lender, I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. The lender may deduct this fee from the proceeds of the loan.

E. **Default and Acceleration:** Default means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Secretary or the NSLP finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for (1) 180 days for a loan repayable in monthly installments; or (2) 240 days for a loan repayable in less frequent installments. If I default on this loan (1) the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable; (2) the lender, holder or NSLP may disclose to schools I have attended (or am currently attending) information about the default; (3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Student Loans, PLUS Loans or Consolidation Loans: and (4) I will be ineligible for the benefits described under Deferment and Interest in this Promissory Note.

F. **Collection Costs-Late Charges:** If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs - including attorney's fees - that are permitted by Federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest. If permitted by State law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Promissory Note. A late charge may not exceed 6 cents for each dollar of each late installment.

G. **Prepayment:** I may, at my option and without penalty ... be entitled to a rebate of any unearned interest that I have paid.

H. **Additional Agreements:** (1) The pr... Promissory Note. (2) Any notice required to be given to me, including my Disclosure St... required for any endorser. (3) Your failure to enforce or insist that I comply with any terms ... in writing. (4) If NSLP is required under its guarantee to repay my loan(s) because I have ... original lender to enforce this Note against me. (5) My loan will be cancelled if I die or bec... or any other holder of this Note. (7) The endorser, if any, signs the Promissory Note in t... waives demand, presentment for payment, notice of nonpayment, protest, and notice of ... endorser notwithstanding any deferment in accordance with Section I of this Promissory N... has no notice.

I. **Deferment:** You will let me pay inte... this Note if my repayment period has begun if I am not in default, and I can provide you wi... and Responsibilities. I must notify my lender when the condition entitling me to the defern... deferment options.

J. **Repayment in Installments:** I will r... as described in Paragraph E, in which case the entire outstanding principal balance plus ... set forth in Paragraph B, you will send me a Repayment Disclosure which shows the repayn... to repay this Note. The Repayment Disclosure may include all loans I have received fror... make monthly payments for a period of not less than 5 nor more than 10 years after this Note b... At my option, I may agree to a repayment period that is shorter than 5 years. However, I ma... less than 5 years. My total payments for any year of the repayment period for all my GSL, F... by my spouse on any GSL, PLUS or SLS Loan (or the balance of all such loans plus accru... years.

K. **Credit Bureau Notification: If I def... ations. This may significantly and adversely affect my ability to obtain other credit.** If I d... information about the default will be disclosed to credit bureau organizations unless I enter ... nation on the repayment status of this loan to any credit bureau organization and must make ... the accuracy and completeness of information reported about me. If not otherwise prohibite...

L. **Borrower Rights and Responsibilitie...** ...lities printed on page 13 of this booklet.

M. **Transfer of Note:** This Note may be t... bilities of the parties as set forth herein. I will be notified of any such transfer in writing.

## ASSIGNMENT OF PROMISSORY NOTE

### AFFIX TO BACK OF PROMISSORY NOTE

**Pay to the order of NSLP, Nebraska Student Loan Program, Inc., without recourse, provided, however, notwithstanding this endorsement without recourse, the undersigned hereby expressly:**

**1. Warrants that:**

**a) no defense of any party against the undersigned; and**

**b) the undersigned is in compliance with the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and NSLP, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by NSLP.**

**c) warrants that to the extent it has knowledge of any insolvency proceeding it has disclosed the same to NSLP.**

**2. Acknowledges that:**

**a) upon payment in full by NSLP of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, NSLP will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and**

**b) notwithstanding payment by NSLP of the undersigned's claim and acceptance by NSLP of transfer of this instrument in consideration thereof, NSLP has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.**

[signature] 9-10-91

**SIGNATURE** **DATE**

**NAME** **TITLE**

8908APN01

**Borrower Certification**

I declare under penalty of perjury under ... certify that the information contained in Section I of this application is true, complete and correct ... to pay to the lender any refund which may be due to me up to the amount of this loan. I further a... ), U.S. Department of Education, NSLP, or their agents, and to redisclose to other educational ins... to this loan (e.g., employment, enrollment status, and other aspects of my student loan borrow... ed for educational expenses for the loan period covered by this application at the school named ... or reasonably be attributed to meeting my educational expenses related to attendance in that sc... the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not excee... Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I recei... or Defense Student Loan), Guaranteed Student Loan, Federally Insured Student Loan, PLUS Lo... stitution to issue a check covering the proceeds of my loan, in full, or in part, made payable to m... Section II. I have read and understand the "Statement of Borrower's Rights and Responsibilities ...

I understand that I will receive a Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, late charges, and other information pertinent to my loan(s). I understand and agree that if the information on the Disclosure Statement conflicts with the information on the Application/Promissory Note, the information on the Disclosure Statement applies.

**School Certification**

I hereby certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student, is in good standing and is making satisfactory progress in a program determined to be eligible for the Guaranteed Student Loan Program. I further certify (for periods of enrollment beginning on or after July 1, 1987) that this student is enrolled or accepted for enrollment in a degree or certificate program. Based on records available to me, I further certify that this student is neither in default nor owes a refund with respect to financial assistance under Title IV of the Higher Education Act of 1965, as amended, for attendance at this or any school, and that the information provided in Section II is true, complete, and correct to the best of my knowledge and belief. I certify that based upon records available at this institution this student has satisfied the requirements under the Selective Service Act necessary to receive financial aid. I further certify that I have determined the eligibility or ineligibility for a Pell Grant.

**NOTICE TO BORROWER AND ENDORSER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION/PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

9-21-10

NAME DATE

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #3 OF 3**

Dawn E. Misner
aka: Dawn Misner
1621 Holly Hock Lane
Ortonville, MI. 48462-9404
Account No:

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/21/10.

On or about 12/22/89 and 01/29/90, the borrower executed promissory note(s) to secure loan(s) of $196.00 and $196.00 from National Education Center at 5.00 percent interest per annum. The institution made the loan under the Federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087aa *et seq*. (34 C.F.R Part 674). The institution demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 03/01/91. Due to this default, the institution assigned all rights and title to the loan to the Department of Education.

After the institution credited all cancellations due and payments received, the borrower owed the school $392.00 principal and $24.45 interest. This principal and interest, together with any unpaid charges, totaled $428.45. The loan was assigned to the Department on 05/28/92.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $392.00 |
| Interest: | $382.92 |
| Total debt as of 09/21/10: | $774.92 |

Interest accrues on the principal shown here at the rate of $0.05 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/28/10

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

# PERKINS LOAN PROGRAM: PERKINS LOAN PROMISSORY NOTE

DOC. # H000017112

| | | | |
|---|---|---|---|
| BORROWER: MISNER DAWN E | | | SOC. SEC. NO.: |
| LENDING INSTITUTION: NATIONAL EDUCATION CENTER | | | CODE: 0120 |
| ADDRESS: 15115 DEERFIELD RD. | CITY: EAST DETROIT | STATE: MI | ZIP CODE: 48021 |
| AMOUNT OF LOAN: $ 196.00 | ANNUAL PERCENTAGE RATE: → | (A) PRIOR TO BEGINNING REPAYMENT PERIOD 0.00 % | (B) DURING REPAYMENT PERIOD 5.00 % |

I promise to pay to you or your order $ 196.00 in United States Currency. I promise to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due. I further understand and agree that:

**I. GENERAL**

(1) **Applicable Law:** All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act, and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note shall be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution.

(2) **Procedures for Receiving Deferment or Cancellation:** I understand that in order to receive a deferment or cancellation, I must request the deferment or cancellation in writing from the Lending Institution, and must submit to the Lending Institution any documentation required by the Lending Institution to prove that I qualify for the deferment or cancellation. I further understand that if I am eligible for deferment or cancellation under Articles VII through XII, I am responsible for submitting the appropriate requests on time. I further understand that I may lose my deferment and cancellation benefits if I fail to file my request on time.

**II. INTEREST**

Interest shall accrue from the beginning of the repayment period on the unpaid balance except that no interest shall accrue during any deferment period described in paragraphs VII(1).

**III. REPAYMENT**

(1) I promise to repay the principal and the interest which accrues on it to the Lending Institution over a period beginning 9 months after the date I cease to be at least a half-time student at an institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary), and ending 10 years later, unless that period is shortened under paragraph III(5), or extended under paragraphs III(4), III(7) (extensions) or VII(1) (deferments).

(2) Upon my written request, the repayment period may start on a date earlier than the one indicated in paragraph III(1).

(3) I promise to repay the principal and interest over the course of the repayment period in equal monthly installments. However, if I request, and the institution approves, repayments may be made in graduated installments determined in accordance with schedules approved by the Lending Institution and the Secretary.

(4) Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, at its option, upon my request, extend the repayment period for up to an additional 10 years or adjust any payment schedule to reflect my income, or both.

(5) (A) If the monthly rate that would be established under paragraph III(1), or the total monthly repayment rate of principle and interest on all my Perkins Loans including this loan, is less than $30 per month, I shall repay the principal and interest on this loan at the rate of $30 per month (which includes both principal and interest).
(B) If I have received Perkins Loans from other institutions and the total monthly repayment rate on those loans is less than $30, the $30 monthly payment established under paragraph III(5)(A) includes the amounts I owe on all my outstanding Perkins Loans including those received from other institutions. The amount of this $30 monthly payment that will be applied to this loan will be the difference between $30 and the total of the amounts owed at a monthly rate on my other Perkins Loans.

(6) The Lending Institution may permit me to pay less than the rate of $30 per month for a period of not more than one year where necessary to avoid hardship to me unless that action would extend the repayment period in paragraph III(1).

(7) The Lending Institution may, upon my written request, reduce any scheduled repayments or extend the repayment period indicated in paragraph III(1), if, in its opinion, extraordinary circumstances such as prolonged illness or unemployment, prevent me from making the scheduled repayments. However, interest shall continue to accrue.

**IV. PRIOR LOANS**

I hereby certify that I have listed below all of the Perkins Loans I have obtained at other institutions. (If no prior loans have been received, state "None".)

| | AMOUNT | DATE | INSTITUTION |
|---|---|---|---|
| 1. | $ None | | |
| 2. | $ | | |

**V. PREPAYMENT**

(1) I may, at my option and without penalty, prepay all or any part of the principal, plus any accrued interest thereon, at any time.

(2) Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a prepayment unless that year is also the year in which I am required to begin repayment on this loan.

(3) If I repay more than the amount due for any installment, the excess will be used to prepay principal unless I designate it as an advance payment of the next regular installment.

**VI. DEFAULT**

(1) The Lending Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan, including principal, interest, late charges and collection costs if -
(A) I do not make a scheduled payment when due under the repayment schedule established by the Lending Institution, and
(B) I do not submit to the Lending Institution on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VII, VIII, IX, X, XI, or XII of this agreement.

(2) I understand that if I default on my loan, the Lending Institution may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(3) Further, I understand that if I default on my loan, and the loan is transferred to the Secretary for collection, the Secretary may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(4) I understand that if I default on my loan, I will then lose my right to defer repayments.

(5) I understand that after the Lending Institution accelerates the loan under paragraph VI(1), I will then lose my right to receive a cancellation of a portion of my loan for any teaching, volunteer or military service described in Articles VIII, IX, X and XI, performed after the date the Lending Institution accelerated the loan.

(6) I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining additional student financial aid authorized under Title IV of the Higher Education Act of 1965, as amended, until I have made arrangements which are satisfactory to the Lending Institution or the Secretary regarding the repayment of the loan.

**NOTICE TO BORROWER: DO NOT SIGN THIS NOTE BEFORE YOU READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE. THE LENDING INSTITUTION MUST SUPPLY A COPY OF THIS NOTE TO YOU AND ANY COSIGNER.**

Signature of Borrower Dawn Misner Date Dec 22, 1989

Permanent Address 14291 Hendricks Warren Mi 48089
(Street) (City) (State) (Zip Code)

The borrower and Lending Institution shall execute this note without security and without endorsement unless the borrower is a minor and this note would not, under the law of the State in which the Lending Institution is located, create a binding obligation. If the borrower is a minor and this note would not, therefore, be legally binding, the Lending Institution shall require a cosigner to this note:

**I AGREE TO REPAY ALL AMOUNTS DUE ON THIS LOAN IF THE BORROWER FAILS TO DO SO IN ACCORDANCE WITH THE TERMS OF THE NOTE.**

Signature of Cosigner ______________________ Date ______________

Permanent Address ______________________ Social Security Number ______________
(Street) (City) (State) (Zip Code)

HEADQUARTERS

Rev. 6/88 NOTICE: SEE OTHER SIDE FOR ADDITIONAL CONDITIONS



I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
NAME
DATE

VII. DEFERMENT

(1) I understand that upon making a properly documented written request to the Lending Institution, I may defer making scheduled installment payments and will not be liable for any interest that might otherwise accrue, during the following periods:

(A) While I am enrolled and in attendance as at least a half-time student at an institution of higher education or at a comparable institution outside the United States approved for this purpose by the Secretary.

(B) For a period not to exceed three (3) years during which I am -

(i) On full-time active duty as a member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard) or the National Oceanic and Atmospheric Administration Corps, or as an officer on full-time active duty in the Commissioned Corps of the United States Public Health Service,

(ii) In service as a volunteer under the Peace Corps Act,

(iii) A volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs),

(iv) A full-time volunteer in a tax-exempt organization performing service comparable to the service performed in the Peace Corps or under the Domestic Volunteer Service Act of 1973, or

(v) Temporarily totally disabled as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by a dependent who is so disabled;

(C) For a period not in excess of two (2) years -

(i) After I receive a baccalaureate or professional degree during which time I am serving in an internship which is required in order that I may receive professional recognition required to begin my professional practice or service, or

(ii) serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital or a health care facility that offers postgraduate training;

(D) For a period not in excess of one (1) year during which, if I am a mother of preschool age children, I have entered or reentered the work force, and am being paid at a rate which does not exceed $1.00 above the minimum hourly wage established by section 6 of the Fair Labor Standards Act of 1938;

(E) For a period not in excess of six months -

(i) That follows by six months or less of a period during which I was enrolled as at least a half-time student at an eligible institution; and (ii) During which I am pregnant, caring for my newborn baby, or caring for a child immediately after he or she was placed with me through adoption and I am neither attending an eligible institution of higher education nor gainfully employed; and

(F) During a six (6) month period immediately following the expiration of any deferment provided in paragraphs VII(1)(A) through VII(1)(E).

(2) The Lending Institution may, upon my written request, defer my scheduled repayments if it determines that the deferment is necessary to avoid a financial hardship for me. Interest, however, will continue to accrue.

VIII. CANCELLATION FOR TEACHING

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform service -

(A) As a full-time teacher in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year of service for funds under Chapter I of the Education Consolidation and Improvement Act of 1981, as amended, and which has been designated by the Secretary (after consultation with each State Department of Education) in accordance with the provisions of section 465(a)(2) of the Act as a school with a high concentration of students from low-income families. An official Directory of designated low-income schools is published annually by the Secretary.

(B) As a full-time teacher of handicapped children (including those who are mentally retarded, hard of hearing, deaf, speech and language impaired, visually handicapped, seriously emotionally disturbed, orthopedically impaired, having specific learning disabilities, or are otherwise health-impaired children, who by reason thereof require special education and related services) in a public or other non-profit elementary or secondary school system.

(2) A portion of this loan will be cancelled for each completed year of teaching service at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year will be canceled for each of the first and second complete academic years of that teaching service,

(B) 20 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each of the third and fourth complete academic years of that teaching service, and

(C) 30 percent of the total principal amount plus interest on the unpaid balance accruing during that year for the fifth complete academic year of that teaching service.

IX. HEAD START CANCELLATION

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform service as a full-time staff member in a Head Start program if -

(A) That Head Start program is operated for a period which is comparable to a full school year in the locality, and

(B) My salary is not more than the salary of a comparable employee of the local educational agency.

(2) This loan will be canceled at the rate of 15 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each complete school year or equivalent period of service in a Head Start program.

(3) Head Start is a preschool program carried out under the Head Start Act.

X. MILITARY CANCELLATION

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 50 percent of the principal amount of this loan plus the interest thereon canceled if I serve as a member of the Armed Forces of the United States in an area of hostilities that qualifies for special pay under section 310 of Title 37 of the United States Code.

(2) This loan will be canceled at the rate of 12½ percent of the total principal amount plus interest on the unpaid balance accruing during that year for each complete year of such service.

XI. VOLUNTEER SERVICE CANCELLATION

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 70 percent of the amount of this loan plus the interest thereon canceled if I perform service -

(A) As a volunteer under the Peace Corps Act; or

(B) As a volunteer under the Domestic Volunteer Service Act of 1973.

(2) This loan will be canceled at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance will be canceled for the first and second twelve-month period of volunteer service completed;

(B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance will be canceled for the third and fourth twelve-month period of volunteer service completed.

XII. DEATH AND DISABILITY CANCELLATION

(1) In the event of my death, the total amount owed on this loan will be canceled.

(2) If I become totally and permanently disabled after I receive this loan, the Lending Institution will cancel the total amount of this loan.

XIII. CHANGE IN NAME, ADDRESS, TELEPHONE NUMBER AND SOCIAL SECURITY NUMBER

I am responsible, and any endorser is responsible, for informing the Lending Institution of any change or changes in name, address, telephone number or social security number.

XIV. LATE CHARGE

(1) The Lending Institution will impose a late charge if -

(A) I do not make a scheduled payment when it is due, and

(B) I do not submit to the Lending Institution on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VII, VIII, IX, X, XI, and XII of this agreement.

(2) No charge may exceed twenty (20) percent of my monthly payment.

(3) (A) The Lending Institution may -

(i) Add the late charge to the principal the day after the scheduled repayment was due; or

(ii) Include it with the next scheduled repayment after I have received notice of the late charge.

(B) If the Lending Institution elects to add the assessed charge to the outstanding principal of the loan, it must so inform me before the due date of the next installment.

XV. ASSIGNMENT

(1) This note may be assigned by the Lending Institution only to -

(A) The United States;

(B) Another institution upon my transfer to that institution if that institution is participating in this program; or

(C) Another institution approved by the Secretary.

(2) The provisions of this note that relate to the Lending Institution shall, where appropriate, relate to an assignee.



I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
9-21-10

# PERKINS LOAN PROGRAM: PERKINS LOAN PROMISSORY NOTE

DOC.# H000020561 **

BORROWER: MISNER DAWN E

SOC. SEC. NO.:

LENDING INSTITUTION: NATIONAL EDUCATION CENTER CODE: 0120

ADDRESS: 15115 DEERFIELD RD. CITY: EAST DETROIT STATE: MI ZIP CODE: 48021

| AMOUNT OF LOAN: | ANNUAL PERCENTAGE RATE: | (A) PRIOR TO BEGINNING REPAYMENT PERIOD | (B) DURING REPAYMENT PERIOD |
|---|---|---|---|
| $ 196.00 | → | 0.00 % | 5.00 % |

I promise to pay to you or your order. $ 196.00 In United States Currency. I promise to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due. I further understand and agree that:

**I. GENERAL**

(1) **Applicable Law:** All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act, and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note shall be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution.

(2) **Procedures for Receiving Deferment or Cancellation:** I understand that in order to receive a deferment or cancellation, I must request the deferment or cancellation in writing from the Lending Institution, and must submit to the Lending Institution any documentation required by the Lending Institution to prove that I qualify for the deferment or cancellation. I further understand that if I am eligible for deferment or cancellation under Articles VII through XII, I am responsible for submitting the appropriate requests on time. I further understand that I may lose my deferment and cancellation benefits if I fail to file my request on time.

**II. INTEREST**

Interest shall accrue from the beginning of the repayment period on the unpaid balance except that no interest shall accrue during any deferment period described in paragraphs VII(1).

**III. REPAYMENT**

(1) I promise to repay the principal and the interest which accrues on it to the Lending Institution over a period beginning 9 months after the date I cease to be at least a half-time student at an institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary), and ending 10 years later, unless that period is shortened under paragraph III(5), or extended under paragraphs III(4), III(7) (extensions) or VII(1) (deferments).

(2) Upon my written request, the repayment period may start on a date earlier than the one indicated in paragraph III(1).

(3) I promise to repay the principal and interest over the course of the repayment period in equal monthly installments. However, if I request, and the institution approves, repayments may be made in graduated installments determined in accordance with schedules approved by the Lending Institution and the Secretary.

(4) Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, at its option, upon my request, extend the repayment period for up to an additional 10 years or adjust any payment schedule to reflect my income, or both.

(5) (A) If the monthly rate that would be established under paragraph III(1), or the total monthly repayment rate of principle and interest on all my Perkins Loans including this loan, is less than $30 per month, I shall repay the principal and interest on this loan at the rate of $30 per month (which includes both principal and interest). (B) If I have received Perkins Loans from other institutions and the total monthly repayment rate on those loans is less than $30, the $30 monthly payment established under paragraph III(5)(A) includes the amounts I owe on all my outstanding Perkins Loans including those received from other institutions. The amount of this $30 monthly payment that will be applied to this loan will be the difference between $30 and the total of the amounts owed at a monthly rate on my other Perkins Loans.

(6) The Lending Institution may permit me to pay less than the rate of $30 per month for a period of not more than one year where necessary to avoid hardship to me unless that action would extend the repayment period in paragraph III(1).

(7) The Lending Institution may, upon my written request, reduce any scheduled repayments or extend the repayment period indicated in paragraph III(1), if, in its opinion, extraordinary circumstances such as prolonged illness or unemployment, prevent me from making the scheduled repayments. However, interest shall continue to accrue.

**IV. PRIOR LOANS**

I hereby certify that I have listed below all of the Perkins Loans I have obtained at other institutions. (If no prior loans have been received, state "None".)

| | AMOUNT | DATE | |
|---|---|---|---|
| 1. | $ None | | |
| 2. | $ | | |

MISNER*DAWN E*
LOAN NO: 1992050050935 05-28-92
SSN TD 1
LOAN TYPE: P RATE: 05.00%

**V. PREPAYMENT**

(1) I may, at my option and without penalty, prepay all or any part of the principal, plus any accrued interest thereon, at any time.

(2) Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a prepayment unless that year is also the year in which I am required to begin repayment on this loan.

(3) If I repay more than the amount due for any installment, the excess will be used to prepay principal unless I designate it as an advance payment of the next regular installment.

**VI. DEFAULT**

(1) The Lending Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan, including principal, interest, late charges and collection costs if -
(A) I do not make a scheduled payment when due under the repayment schedule established by the Lending Institution, and
(B) I do not submit to the Lending Institution on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VII, VIII, IX, X, XI, or XII of this agreement.

(2) I understand that if I default on my loan, the Lending Institution may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(3) Further, I understand that if I default on my loan, and the loan is transferred to the Secretary for collection, the Secretary may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(4) I understand that if I default on my loan, I will then lose my right to defer repayments.

(5) I understand that after the Lending Institution accelerates the loan under paragraph VI(1), I will then lose my right to receive a cancellation of a portion of my loan for any teaching, volunteer or military service described in Articles VIII, IX, X and XI, performed after the date the Lending Institution accelerated the loan.

(6) I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining additional student financial aid authorized under Title IV of the Higher Education Act of 1965, as amended, until I have made arrangements which are satisfactory to the Lending Institution or the Secretary regarding the repayment of the loan.

**NOTICE TO BORROWER: DO NOT SIGN THIS NOTE BEFORE YOU READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE. THE LENDING INSTITUTION MUST SUPPLY A COPY OF THIS NOTE TO YOU AND ANY COSIGNER.**

Signature of Borrower Dawn Misner Date Jan 29, 1990

Permanent Address 14291 Hendricks Warren MI. 48089
(Street) (City) (State) (Zip Code)

The borrower and Lending Institution shall execute this note without security and without endorsement unless the borrower is a minor and this note would not, under the law of the State in which the Lending Institution is located, create a binding obligation. If the borrower is a minor and this note would not, therefore, be legally binding, the Lending Institution shall require a cosigner to this note:

**I AGREE TO REPAY ALL AMOUNTS DUE ON THIS LOAN IF THE BORROWER FAILS TO DO SO IN ACCORDANCE WITH THE TERMS OF THE NOTE.**

Signature of Cosigner ______ Date ______

Permanent Address ______ Social Security Number ______
(Street) (City) (State) (Zip Code)

Rev. 6/88

NOTICE: SEE OTHER SIDE FOR ADDITIONAL CONDITIONS

HEADQUARTERS



I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

9-21-10
DATE

VII. DEFERMENT

(1) I understand that upon making a properly documented written request to the Lending Institution, I may defer making scheduled installment payments, and will not be liable for any interest that might otherwise accrue, during the following periods:

(A) While I am enrolled and in attendance as at least a half-time student at an institution of higher education or at a comparable institution outside the United States approved for this purpose by the Secretary.

(B) For a period not to exceed three (3) years during which I am -

(i) On full-time active duty as a member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard) or the National Oceanic and Atmospheric Administration Corps, or as an officer on full-time active duty in the Commissioned Corps of the United States Public Health Service,

(ii) In service as a volunteer under the Peace Corps Act,

(iii) A volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs),

(iv) A full-time volunteer in a tax-exempt organization performing service comparable to the service performed in the Peace Corps or under the Domestic Volunteer Service Act of 1973, or

(v) Temporarily totally disabled as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by a dependent who is so disabled;

(C) For a period not in excess of two (2) years -

(i) After I receive a baccalaureate or professional degree during which time I am serving in an internship which is required in order that I may receive professional recognition required to begin my professional practice or service, or

(ii) serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital or a health care facility that offers postgraduate training;

(D) For a period not in excess of one (1) year during which, if I am a mother of preschool age children, I have entered or reentered the work force, and am being paid at a rate which does not exceed $1.00 above the minimum hourly wage established by section 6 of the Fair Labor Standards Act of 1938;

(E) For a period not in excess of six months -

(i) That follows by six months or less of a period during which I was enrolled as at least a half-time student at an eligible institution; and (ii) During which I am pregnant, caring for my newborn baby, or caring for a child immediately after he or she was placed with me through adoption and I am neither attending an eligible institution of higher education nor gainfully employed; and

(F) During a six (6) month period immediately following the expiration of any deferment provided in paragraphs VII(1)(A) through VII(1)(E).

(2) The Lending Institution may, upon my written request, defer my scheduled repayments if it determines that the deferment is necessary to avoid a financial hardship for me. Interest, however, will continue to accrue.

VIII. CANCELLATION FOR TEACHING

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform service -

(A) As a full-time teacher in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year of service for funds under Chapter I of the Education Consolidation and Improvement Act of 1981, as amended, and which has been designated by the Secretary (after consultation with each State Department of Education) in accordance with the provisions of section 465(a)(2) of the Act as a school with a high concentration of students from low-income families. An official Directory of designated low-income schools is published annually by the Secretary.

(B) As a full-time teacher of handicapped children (including those who are mentally retarded, hard of hearing, deaf, speech and language impaired, visually handicapped, seriously emotionally disturbed, orthopedically impaired, having specific learning disabilities; or are otherwise health-impaired children, who by reason thereof require special education and related services) in a public or other non-profit elementary or secondary school system.

(2) A portion of this loan will be cancelled for each completed year of teaching service at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year will be canceled for each of the first and second complete academic years of that teaching service,

(B) 20 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each of the third and fourth complete academic years of that teaching service, and

(C) 30 percent of the total principal amount plus interest on the unpaid balance accruing during that year for the fifth complete academic year of that teaching service.

IX. HEAD START CANCELLATION

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform service as a full-time staff member in a Head Start program if -

(A) That Head Start program is operated for a period which is comparable to a full school year in the locality, and

(B) My salary is not more than the salary of a comparable employee of the local educational agency.

(2) This loan will be canceled at the rate of 15 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each complete school year or equivalent period of service in a Head Start program.

(3) Head Start is a preschool program carried out under the Head Start Act.

X. MILITARY CANCELLATION

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 50 percent of the principal amount of this loan plus the interest thereon canceled if I serve as a member of the Armed Forces of the United States in an area of hostilities that qualifies for special pay under section 310 of Title 37 of the United States Code.

(2) This loan will be canceled at the rate of 12½ percent of the total principal amount plus interest on the unpaid balance accruing during that year for each complete year of such service.

XI. VOLUNTEER SERVICE CANCELLATION

(1) I understand that upon making a properly documented written request to the Lending Institution, I am entitled to have up to 70 percent of the amount of this loan plus the interest thereon canceled if I perform service -

(A) As a volunteer under the Peace Corps Act; or

(B) As a volunteer under the Domestic Volunteer Service Act of 1973.

(2) This loan will be canceled at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance will be canceled for the first and second twelve-month period of volunteer service completed;

(B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance will be canceled for the third and fourth twelve-month period of volunteer service completed.

XII. DEATH AND DISABILITY CANCELLATION

(1) In the event of my death, the total amount owed on this loan will be canceled.

(2) If I become totally and permanently disabled after I receive this loan, the Lending Institution will cancel the total amount of this loan.

XIII. CHANGE IN NAME, ADDRESS, TELEPHONE NUMBER AND SOCIAL SECURITY NUMBER

I am responsible, and any endorser is responsible, for informing the Lending Institution of any change or changes in name, address, telephone number or social security number.

XIV. LATE CHARGE

(1) The Lending Institution will impose a late charge if -

(A) I do not make a scheduled payment when it is due; and

(B) I do not submit to the Lending Institution on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VII, VIII, IX, X, XI, and XII of this agreement.

(2) No charge may exceed twenty (20) percent of my monthly payment.

(3) (A) The Lending Institution may -

(i) Add the late charge to the principal the day after the scheduled repayment was due; or

(ii) Include it with the next scheduled repayment after I have received notice of the late charge.

(B) If the Lending Institution elects to add the assessed charge to the outstanding principal of the loan, it must so inform me before the due date of the next installment.

XV. ASSIGNMENT

(1) This note may be assigned by the Lending Institution only to -

(A) The United States;

(B) Another institution upon my transfer to that institution if that institution is participating in this program; or

(C) Another institution approved by the Secretary.

(2) The provisions of this note that relate to the Lending Institution shall, where appropriate, relate to an assignee.



I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
9-21-10
NAME
DATE